Joseph C. Atkinson, Administrator of the Estate of Christine McCune, Deceased, Appellant, v. Hunter Associates, Inc., and John Johnson, Appellees.

Gen. No. 8,981.

Opinion filed January 17, 1936.

CLYDE SMITH, of Dixon, for appellant.

DIXON, DEVINE, BRACKEN & DIXON, of Dixon, for appellees; ROBERT L. BRACKEN and J. C. RYAN, of Dixon, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the court.

This case was begun by the plaintiff by filing a complaint at law in the circuit court of Lee county, against Hunter Associates Inc., and John Johnson to recover for the death of the plaintiff's intestate, Christine McCune. On the hearing before a jury the verdict was for the defendants. A motion for a new trial was interposed by the plaintiff which was overruled and

a judgment rendered on the verdict of the jury in favor of the defendants.

The amended complaint consisted of three counts. The first count alleged that the Hunter Associates Inc., was conducting a retail coal business in the city of Dixon, Illinois, and that John Johnson was employed by them to drive their truck and deliver coal; that plaintiff's intestate, Christine McCune, while in the exercise of due care and caution for her own safety, was walking on walk through the First Street viaduct on northern side under the tracks of the Illinois Central R. R. Company; that the defendant Johnson, while going in the same direction approaching from the east with his truck at an excessive rate of speed, and carelessly managing it, without any warning collided with her and killed her. The second count avers that the Hunter Associates, Inc., negligently employed Johnson knowing at the time he was a negligent and unsafe driver. The third count alleges that the viaduct was an extra hazardous place, and that Johnson wilfully and wantonly collided with Christine McCune and killed her.

The defendants filed their answer and denied that either of them was guilty of negligence, or that Christine McCune, just prior to and at the time she was killed, was in the exercise of due care and caution for her own safety, or that the Hunter Associates Inc., was guilty of negligence in hiring Johnson, or the wanton and wilful conduct of Johnson while driving the truck in question.

The appellant insists that the court erred in sustaining the motions of the defendant and in directing the jury to find for the defendants on the counts of the complaint which charged wilful and wanton conduct on the part of the defendants. The only witness to the accident was the defendant, John Johnson and one Ed Wicherts who at the time of the accident and also at the time of the trial was employed by John Johnson

and was riding with him in the truck when the accident occurred which caused the death of the plaintiff intestate. Mr. Wicherts was the only witness called by the defendants. After Wicherts had testified where he lived, for whom he worked, the description of the street, the width and description of the truck, the abstract shows he further testified as follows: "As I approached the arch I saw someone walking along the sidewalk on the north side of the street, the side I was coming on. I saw her before I reached the arch, it was a lady. When I first saw her she was in the arch going in the arch on the sidewalk. Mr. Johnson drove into the arch about three feet south of the sidewalk. The lady had a heavy coat on with a collar on. The collar was up to about the top of her ears; as we drove into the arch the lady was about through. I own a car and drive it and have for about eight years. Mr. Johnson, as he drove through the arch, was going about twenty miles an hour, maybe not that fast. The front wheels of his truck did not strike the woman. As we approached her or passed her I seen the woman step off the sidewalk into the truck. The front wheels had got by her, the cab had almost got past. When the lady stepped off the sidewalk Mr. Johnson turned to the left, which would be to the south. He then stopped about three lengths of the truck, he stopped on the north side. After pulling to the left which would be to the south, then he pulled back to the right-hand side and then he stopped."

Over the objection of the defendants the plaintiff introduced in evidence the testimony which had previously been given at coroner's inquest by John Johnson, one of the defendants. The abstract shows said evidence to be as follows: "John Johnson being duly sworn, said, my residence is Dixon, Illinois. My occupation is coal hauler. Did not know deceased. When I first seen her she was starting through arch

on First Street. She was going west on First Street and I was going same direction about 10:30 A. M. today. She was alone. I seen her walking along curb and thought she was going ahead on walk. About four or five feet she started across. I dodged over and passed. I saw her lying on walk after I passed arch. I stopped and man with me got out and went back. I did not see her when she was struck. She must have been hit by the side of the truck. I did not sound horn, as I was trying to turn out away from her. She was lying in the street when I saw her in rear vision mirror of my truck. I had met a truck about forty feet east of the arch. She was almost through the arch when struck. I was driving about twenty miles an hour. I did not notice her look around as she passed under arch. I traveled about sixty feet before I saw body and stopped. The body was about five or six feet from sidewalk in street. She was still living. She was taken in another car to hospital. I picked up her purse and went to the office and reported accident, and Mr. Hoffman went to the hospital. Truck weighs about two ton. I reported accident. Metal coal chute on truck slid off back end of truck when her body struck truck.

John W. Johnson."

The admissibility of this evidence is not questioned in this court, and for that reason we do not decide whether the court erred in admitting it.

Johnson and Wichert were the only eyewitnesses to the accident and with the exception of some inferences and conclusions drawn from other testimony, their evidence is uncontradicted. As the evidence now stands it is not disputed that Mrs. McCune was walking on the walk under the viaduct with her coat collar turned up about her ears, and as the truck approached she deliberately stepped off the walk into the side of the truck and some part of the truck struck her and

killed her. From a review of the entire evidence we do not think that it shows that the driver of the truck was guilty of any wilful and wanton conduct which caused the injury to the plaintiff intestate, and the court did not err in giving the instruction to the jury to disregard the second and third counts of the plaintiff's petition.

For the reason above stated it is not necessary to pass upon the refusal of the court to give plaintiff's instruction Nos. 7 and 12, as they were based on the second and third counts of said petition.

Plaintiff's instruction No. 8, which was refused by the court, is as follows: "It is the law that upon approaching a person upon a street, the operator of any motor vehicle shall give reasonable warning of his approach and to use every reasonable precaution to avoid injury to said persons, and if necessary, to stop his motor vehicle until he can safely proceed." No doubt, under certain circumstances this instruction may be applicable. The declaration in this case charges and the evidence shows that Christine McCune just before the accident occurred was walking on the walk which was four feet wide and several inches higher than the paving. The blueprint introduced in evidence discloses that this walk was a continuation of the sidewalk on either side of the viaduct. The law does not require that the driver of a motor vehicle give warning of his approach on either passing or approaching a pedestrian walking on the sidewalk, but only applies to a person walking on a street or road that is used for vehicle traffic. The court did not err in refusing to give plaintiff's instruction number eight.

We find no reversible error in the case and the judgment of the circuit court of Lee county is hereby affirmed.

*Affirmed.*